PEOPLE *v.* ALBERT.

1. PHYSICIANS AND SURGEONS—CHIROPODIST—ILLEGAL PRACTICE OF MEDICINE.

An allegation in complaint that defendant physician allowed codefendant, a chiropodist, to practice medicine and surgery did not charge a crime against the physician (CLS 1956, § 338.57).

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Physicians and Surgeons § 68.
[2] 41 Am Jur, Physicians and Surgeons § 24.

2. SAME—ASSISTANCE IN SURGERY—CHIROPODIST.

> Acts of assistance by chiropodist to licensed physician and surgeon
> in the performance of a simple mastectomy upon a patient of
> the latter *held*, not to have constituted the practice of medicine
> or surgery by the chiropodist or a holding himself out to the
> public as being able to treat, cure, or alleviate human ail-
> ments or diseases contrary to statute (CLS 1956, § 338.57).

Appeal from Gogebic; Brown (Ernest W.), J., presiding. Submitted January 14, 1960. (Docket No. 74, Calendar No. 48,220.) Decided February 25, 1960.

Dr. Samuel G. Albert and James Albert were charged with illegal practice of medicine. Motion to quash information denied. After disagreement of jury, motion to quash renewed and denied. Defendants appeal. Reversed and remanded for quashal of complaint and dismissal of defendants.

*Paul L. Adams*, Attorney General, *Samuel J. Torina*, Solicitor General, and *William P. Pellow*, Prosecuting Attorney, for the people.

*Peter E. Bradt* and *Theodore G. Albert*, for defendants.

KELLY, J. Defendants appeal from a denial of a motion to quash complaint, warrant, and amended information.

The complaint and warrant charge as follows:

"That Dr. James A. Albert, a chiropodist then and there wrongfully and unlawfully did hold himself out to the public as being able to cure and alleviate human ailments and diseases not covered by his license as a chiropodist and was allowed by Dr. Samuel G. Albert to practice medicine and surgery and give consultation and advice in that he the said Dr. James A. Albert, with the knowledge, consent and participation of Dr. Samuel G. Albert, did then and there partici-

pate in an operation performed by Dr. Samuel G. Albert on one Mrs. Hjalmer Jarvi, involving the removal of a tumor on the right breast, known as a simple mastectomy, and Dr. James Albert held retractors and participated in the operation by taking the clamps off bleeders when Dr. Samuel G. Albert tied off the bleeders, and Dr. James Albert cut the sutures; and further, Dr. James Albert, a chiropodist, handled various instruments including clamps to remove the bleeders, forceps, and handled the forceps when tying off sutures, and further, Dr. James Albert scrubbed up in the doctor's scrub room and participated in the above-described operation at the direction of Dr. Samuel G. Albert, he, the said Dr. James Albert, not being then and there the possessor of a certificate of registration or license issued under and pursuant to PA 1899, No 237, being CL 1948 and CLS 1956, §§ 338.51–338.60, inclusive (Stat Ann 1956 Rev §§ 14.531–14.540), contrary to the form of the statute in such case made and provided and against the peace and dignity of the people of the State of Michigan."

The amended information alleged:

"That Dr. Samuel G. Albert, late of the city of Ironwood, county of Gogebic and State of Michigan, and James Albert, late of the city of Ironwood, county of Gogebic and State of Michigan, heretofore, to-wit, on the 3d day of December, 1957, at the township of Bessemer, in said county of Gogebic aforesaid, then and there did allow James Albert, a chiropodist, to wrongfully and unlawfully practice medicine and surgery in this State by professing to be able to cure, relieve, a physical disease, ailment and defect by attendance, advice, appliance, manipulation, and methods not covered by his license as a chiropodist in an operation involving one Mrs. Hjalmer Jarvi, which operation upon Mrs. Hjalmer Jarvi was being performed by Dr. Samuel G. Albert and involved the removing of a tumor in the right breast known as a simple mastectomy, and James Albert participated

and assisted in the operation by holding retractors upon the person of Mrs. Hjalmer Jarvi, and James Albert removed clamps off bleeders, and James Albert cut sutures, and James Albert handled various instruments to control the bleeders, handled forceps directly involved in the operation, and James Albert cut sutures, and James Albert scrubbed up in the doctors' scrub room and participated in the operation along with Dr. Samuel G. Albert, and Dr. Samuel G. Albert aided and abetted and counseled James Albert in the practice of medicine and surgery in the operation above described involving Mrs. Hjalmer Jarvi by aiding and abetting James Albert to manipulate various above-described instruments, which were used on the person of Mrs. Hjalmer Jarvi, and further, James Albert was not then and there the possessor of a certificate of registration in medicine issued under and pursuant to PA 1899, No 237, being CL 1948 and CLS 1956, §§ 338.51–338.60, inclusive (Stat Ann 1956 Rev §§ 14.531–14.540), and contrary to the statutes made and provided, and against the peace and dignity of the people of the State of Michigan."

Section 7 of PA 1899, No 237, as amended (CLS 1956, § 338.57 [Stat Ann 1956 Rev § 14.537]), provides:

"Any person who shall practice medicine or surgery in this State, or who shall advertise in any form or hold himself or herself out to the public as being able to treat, cure or alleviate human ailments or diseases, and who is not the lawful possessor of a certificate of registration or license issued under and pursuant to Act No 237 of the Public Acts of 1899, being sections 338.51 to 338.60, inclusive, of the Compiled Laws of 1948, or acts amendatory thereto, or without first complying with the provisions of this act, except as heretofore provided in section 3 of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than $200, or by imprisonment in the county jail for a period of not more than 6 months, or by both such

fine and imprisonment, in the discretion of the court, for each offense. It shall be the duty of the prosecuting attorneys of the counties of this State to prosecute violations of the provisions of this act."

We quote the following from *In re Carpenter's Estate,* 196 Mich 561, 564, 565:

" 'The only question of importance involved in this case is whether the claimant in doing what he did for the decedent was engaged in the practice of medicine contrary to the provisions of PA 1899, No 237, as amended (CL 1915, §§ 6724–6734).'

"The record shows beyond question that the treatments administered by the claimant were so administered from the very first under the direction of a duly qualified physician, first under Dr. Sigler, and later under Dr. Huntington. * * * The services rendered were those of an ordinary nurse under the direction of a competent and duly qualified surgeon. * * *

"We are of opinion that claimant in rendering the services for which claim is made was not practicing medicine within the meaning of PA 1899, No 237, nor of PA 1913, No 368 (CL 1915, §§ 6724–6734)."

Justice WIEST, with unanimous agreement of this Court, wrote in *People* v. *Hoxzey,* 260 Mich 648:

' "Defendant was charged with unlawfully practicing medicine, by professing to diagnose, treat, cure, and relieve Otto Fischl of disease and ailment, by attending and giving him advice and prescribing and giving him drugs and medicine, and in holding himself out to the public as a physician, without registration or license as such. The evidence failed to establish the charges. ' * * *

"We have here a case where a licensed physician examined, diagnosed, and prescribed for a professed patient. This being true, it negatives guilt on the part of defendant. True, defendant was present, assisting the physician, and disagreed with the diagnosis of the physician, but such did not render him

the physician in the case.  *  *  *  The physician, according to the testimony, had charge of the case, and the assistance given the physician by defendant did not constitute practicing the profession of a physician. The testimony negatived the holding out of defendant to the public as a physician."

The motion should have been granted for the following reasons:

1. The allegation in the complaint "was allowed by Dr. Samuel G. Albert to practice medicine and surgery" did not charge a crime against defendant Samuel G. Albert;

2. The information does not charge the commission of crime by either defendant. Dr Samuel G. Albert was authorized to perform the operation. Defendant James Albert assisted under the direction and supervision of Dr. Samuel G. Albert, and the allegations of the information, the testimony and the statement of the people in oral argument disclose that his acts of assistance were those that could have properly been performed by a nurse. Defendant James Albert's acts of assistance do not constitute the practice of "medicine or surgery" or holding "himself  *  *  *  out to the public as being able to treat, cure or alleviate human ailments or diseases."

The order denying defendants' motion to quash is reversed, and the circuit judge is instructed to enter an order quashing the complaint and warrant, dismissing the cause and discharging defendants.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.